IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENNETT J. VONDERHEIDE aka DADDY JUSTICE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-3096 |
| v. | : | |
| THE HARRISBURG AREA COMMUNITY COLLEGE, JOHN J. SYGIELSKI, VICTOR E. RAMOS, IVAN A. QUINONES, WILLIAM C. RIVERA, SARA CRILL, and MATTHEW CRILL, | : | |
| Defendants. | : | |

## **ORDER**

**AND NOW**, this 23rd day of October, 2019, after considering the motion for a preliminary injunction and temporary restraining order filed by the counterclaim plaintiffs, Sara Crill and Matthew Crill (the "Crills") (Doc. No. 9), the Crills' counterclaim (Doc. No. 7), the evidence and argument presented at the evidentiary hearing on September 25, 2019 (Doc. No. 15), the supplemental proposed findings of fact and conclusions of law filed by the Crills (Doc. No. 17), the proposed findings of fact and conclusions of law filed by the *pro se* counterclaim defendant, Bennett J. Vonderheide (" Mr. Vonderheide") (Doc. No. 19), the Crills' amendment to their request for preliminary injunctive relief (Doc. No. 20), and Mr. Vonderheide's letter to the court in response to the Crills' amendment (Doc. No. 21); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. Mr. Vonderheide must immediately remove www.saracrill.com and www.saracrillhacc.com from the internet;

2. This preliminary injunction shall take effect immediately and shall remain in effect pending trial in this action or further order of this court; and

3. Defendants, Sara and Matthew Crill, are directed to file a proof of bond, in the amount of $100, within five court days of this order.[1] The bond shall serve as security for all claims with respect to this preliminary injunction, and any additional injunctive relief ordered by the court in this action.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Under Rule 65(c) of the Federal Rules of Civil Procedure, "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The amount of the bond is "left to the discretion of the court." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 103 (3d Cir. 1988). Nonetheless, "[w]hile there are exceptions, the instances in which a bond may not be required are so rare that the requirement is almost mandatory[. Thus,] absent circumstances where there is no risk of monetary loss to the defendant, the failure of a district court to require a successful applicant to post bond constitutes reversible error." *Id.* (citation omitted).

Here, neither the Crills nor Mr. Vonderheide offers evidence regarding the extent that the proposed injunction will occasion financial loss. In similar cases, courts in the Third Circuit have required the moving party to post a nominal bond or no bond at all. *See*, *e.g.*, *Am. Freedom Def. Initiative v. Se. Pa. Transp. Auth.*, 92 F. Supp. 3d 314, 331 (E.D. Pa. 2015) ("Neither party has addressed the bond requirement. However, Plaintiffs seek injunctive relief to protect their First Amendment rights. [Defendant] did not offer any evidence that they will suffer a financial loss as a result of the injunction. Therefore, I will require Plaintiffs to post a nominal bond of $100 before the preliminary injunction will issue."); *Rodriguez v. Nat'l Freight, Inc.*, 5 F. Supp. 3d 725, 730 (M.D. Pa. 2014) ("Plaintiff will not suffer pecuniary harm from an injunction restricting his ability to contact Defendants' customers. As a result, we will not require Defendants to provide security pursuant to Fed.R.Civ.P. 65(c).").